```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| MEMPHIS CENTER FOR ) <br> INDEPENDENT LIVING, ) <br> ) <br>      Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BIG CREEK APARTMENTS ) <br> PARTNERSHIP, LOUIS N. TICKLE, ) <br> TAPP ENTERPRISES, INC., ) <br> H. THOMAS LLOYD, ) <br> ) <br>      Defendants. ) | No. 09-cv-02125-JPM-tmp |

**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER, AMEND, OR OBTAIN RELIEF FROM THE JUDGMENT; ORDER REOPENING THE CASE; AND ORDER GRANTING WEBB A. BREWER'S MOTION TO WITHDRAW AS COUNSEL**

Before the Court is Plaintiff's Motion to Alter, Amend, or Obtain Relief from the Judgment Pursuant to Rules 59(e) and 60(b), filed March 26, 2010. (D.E. 21.) Defendants responded in opposition to the motion on March 31, 2010. (D.E. 25.) Also before the Court is Plaintiff's Motion to Withdraw as Counsel Webb A. Brewer, Esq. (D.E. 24), filed March 29, 2010. For the following reasons, both motions are GRANTED.

**I. Background**

Plaintiff commenced this cause of action against Defendants on February 27, 2009, alleging violations of the Fair Housing Act, 42 U.S.C. §§ 3601-3631, and the Americans with Disabilities

Act, 42 U.S.C. § 12181 et seq. (D.E. 1.)  Plaintiff's Complaint was signed by Sapna V. Raj, Esq.  (Id.)  The signature line of the Complaint listed Plaintiff's counsel as Webb A. Brewer, Esq. and Sapna V. Raj, Esq., both attorneys at Memphis Area Legal Services.  (Id.)  Following the filing of the Complaint, Mr. Brewer was the only Plaintiff's counsel recorded by the Clerk of Court to receive notices through the Court's ECF mailing system.  (Pl.'s Mot. to Alter, Amend or Obtain Relief from Judgment at 2.)  According to Plaintiff's counsel, this did not present any issues "during the majority of this case" because Mr. Brewer was actively involved in the litigation of this matter.  (Id.)

Mr. Brewer, however, left the employment of Memphis Area Legal Services in December 2009 and failed to file a Motion to Withdraw as Counsel informing the Court that he was no longer associated with this matter.  (See id.)  On March 5, 2010, after nine months of inactivity, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (D.E. 14.)  When Plaintiff failed to respond in the designated time period, the Court issued a second Order to Show Cause on March 17, 2010.  (D.E. 15.)  After Plaintiff failed to respond to both Orders, the Court entered an Order of Dismissal (D.E. 16) and Judgment (D.E. 17) on March 23, 2010.

2

Plaintiff's counsel asserts that it failed to respond to the Orders to Show Cause because Ms. Raj did not receive the Court's ECF notifications and was unaware that she was not listed as being entitled to receive such notifications. (Pl.'s Mot. to Alter, Amend or Obtain Relief from Judgment at 2.) Plaintiff's counsel states that it only became aware of the dismissal after routinely checking the docket sheet on March 24, 2010. (Id. at 3.)  Shortly thereafter on March 26 and March 29, Plaintiff's counsel filed (1) Notices of Appearance for Craig M. Carmean, Esq. and Frank S. Cantrell, Esq. as counsel for Plaintiff (D.E. 12, 13), (2) a Motion to Alter, Amend, or Obtain Relief from Judgment, which included a response to the Court's Orders to Show Cause (D.E. 21), and (3) a Motion to Withdraw Webb A. Brewer as counsel for Plaintiff (D.E. 24).

Plaintiff seeks relief from the Court's Judgment entered on March 23, 2010.  In support of the requested relief, Plaintiff contends that (1) the failure to respond to the Orders to Show Cause was the result of an inadvertent, good faith mistake, (2) the parties were engaged in serious settlement negotiations at the time the Orders to Show Cause were issued, and (3) Plaintiff's delayed response to the Orders to Show Cause has "not prejudiced the administration of justice" because at the time the response was filed on March 26, 2010, the "discovery period had not ended." (Id. at 3-4.)

In opposition, Defendants contend that (1) Plaintiff has failed to diligently prosecute the Complaint filed more than thirteen months ago, (2) contrary to Plaintiff's statements, the discovery deadline, with the exception of expert discovery, has expired without any discovery being conducted by Plaintiff, and (3) Defendants should not be burdened by litigation that Plaintiff has failed to pursue.

**II. Analysis**

Federal Rule of Civil Procedure 60(b)(1) provides that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect."  Id.  "It is settled law that the granting of a motion to set aside a judgment under the provisions of Rule 60(b)(1) . . . is a matter addressed to the sound discretion of the trial judge."  E.g., Douglass v. Pugh, 287 F.2d 500, 502 (6th Cir. 1961).

According to Plaintiff's motion which Defendants do not deny, the parties "were engaged in serious settlement negotiations at the time the Show Cause Orders were issued." (Pl.'s Mot. to Alter, Amend or Obtain Relief from Judgment at 3.)  The Court weighs this factor significantly, recognizing that there is a strong preference for the independent resolution of controversies through settlement rather than through litigation and court involvement.

Based on the facts presented to the Court, Plaintiff's failure to respond to the Court's Orders to Show Cause was not the result of willful conduct but rather negligence and carelessness.  As used in Rule 60(b)(1), the word "neglect" encompasses negligence and carelessness and may constitute "excusable neglect."  12 Moore's Federal Practice § 60.41[1][a] (3d ed. 2009).  Ultimately, the determination of "excusable neglect" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1983) (listing factors to consider when determining whether neglect is "excusable" such as the danger of prejudice to the opposing party, the length of delay or impact on judicial proceedings, the reason for a delay, and whether the movant acted in good faith).

Plaintiff's counsel contends that Ms. Raj assumed, albeit incorrectly, that she was listed as receiving ECF notifications from the Court.  After discovering that the case had been dismissed, Plaintiff's counsel promptly filed (1) a motion to alter or amend judgment, which included a response to the Court's Orders to Show Cause, (2) notices of appearance, and (3) a motion to withdraw former counsel.  Although these actions could have been avoided by diligently reviewing the case docket, which lists the attorneys to be notified through the Court's ECF

5

mailing system, and timely filing a motion to withdraw counsel in December 2009, there is no showing that Plaintiff's counsel's actions were willful or have prejudiced Defendants.

**III. Conclusion**

For the foregoing reasons, Plaintiff's Motion to Alter, Amend or Obtain Relief from Judgment is GRANTED.  The Judgment entered on March 23, 2010 (D.E. 17) is VACATED, and the Clerk of Court is instructed to reopen the case.

Plaintiff's Motion to Withdraw Webb A. Brewer as counsel for Plaintiff is hereby GRANTED.


SO ORDERED this 12th day of April, 2010

/s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE